68060. TURPIN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendants, Maurice Turpin and J. C. Saine, were jointly indicted, tried and convicted for the offense of burglary. Turpin brings this appeal.

On the weekend of June 21, 1982, someone broke into and burglarized the Gainesville Youth Project on Armour Street. An electric fan, an air conditioner, and a ladies bathing suit were taken. The burglary occurred sometime between the hours of 5:30 p.m. on the afternoon of Friday, June 18, and 10:00 a.m. on Monday, June 21. At 3:00 a.m. during the early morning hours of June 19, Cecil Gravitt was on his patio because he could not sleep. He has a "diabetic condition" and when his "sugar is running up" he cannot sleep. He heard someone talking and saw two people coming toward him from the direction of the Youth Project — which is around the corner from his house. He saw and recognized both defendants. Each had a fan. He knew both defendants prior to this time. He followed them to the top of the hill and saw them enter defendant Turpin's house. Turpin lived with his mother and stepfather — Raymond Goss. A few minutes thereafter they came back by his house and went in the same direction where he first saw them. They returned in about 15 minutes and were carrying a heavy object in a cardboard box. He again followed them and saw them enter Turpin's house. They returned a few minutes later and disappeared in the direction from which he first saw them. They returned a short time later and were carrying a television set. Turpin saw him watching them and told Saine. Saine stated: "G-- d---, s-- o-a b---- better not say nothing . . . I'll knock your damn windshield out and burn him out." On Saturday morning at 8:00 a.m. he called Detective Attaway and told him that if he was missing anything, he

knew where it was. On Sunday morning he saw the defendants behind the Goss house. "They went out the back and had a fan and went down and hit [sic] towards the bushes down there."

On June 21 the police searched the area behind the Goss home for items taken during the burglary at the Youth Project. They had received a tip from Mr. Gravitt. Gravitt had given them information in the past and it had proven reliable. The defendant admitted that he saw the police making the search behind his house. The police found nothing and then went to the Goss home and asked for permission to search. It was refused. The officers then went to the home of Gravitt and he said he told them to go back and search the same area again. One officer said Mr. Gravitt told them he saw "Turpin come out and pitch something back in the woods" and this was "at the time we were on further on up the creek the other way." They returned to the area directly behind the Goss home and approximately 150 to 200 feet from the house "[w]e found the fan in the path I had previously come through . . . There was no way I could have missed it [during the first search]. No way." The fan found behind the Goss home was identified as the fan taken during the burglary of the Gainesville Youth Project. *Held*:

1. The circumstantial evidence recited above, when viewed in the light favorable to the verdict, is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stinson v. State*, 244 Ga. 219 (4) (259 SE2d 471).

2. We find no error in the refusal of the trial court to grant a motion for new trial based on the ground that the evidence presented at the trial failed to prove defendant's guilt beyond a reasonable doubt.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 31, 1984.

*Michael E. Neidenbach,* for appellant.
*Bruce L. Udolf, District Attorney*, for appellee.